```
IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

HENRY BENITEZ,                    )
                                  )
          Plaintiff,              )          9:07CV1089
                                  )
     v.                           )
                                  )
P. PERRY; J. PRICE;               )          MEMORANDUM AND ORDER
A. LECLAIRE; G. SOUCIA;           )
S. BULLIS; W. CROZIER;            )
E. WEISSMAN; R. WOODS;            )
D. SELSKY; S. WALSH;              )
J. CHESBROUGH; D. HAMMAC;         )
BODZAK; C. RICHARDS;              )
N. SMITH; T. EAGEN;               )
K. BELLAMY; MCKINNEY; M. ALI;     )
E. LIBERTY; J. ROCK; D. RILEY;    )
S. TULIP; G. MARTIN;              )
S. HASKINS; T. BROWN;             )
L. TICHENOR; P. DABIEW;           )
R. HOLMES; K.C. WULVERHILL;       )
J. GORDON; GILMAN; A. BOUCAUD;    )
L. WRIGHT; J. CAREY;              )
P. LOFFREDO; D. MACKEY;           )
S. BUREN; D. SAWYER;              )
J. CULKIN; and T. WELLS,          )
                                  )
          Defendants.             )
_____)
```

This matter is before the Court on defendants Philip Perry, Jonathan Price, Andrea M. LeClaire, Guy Soucia, Steven F. Bullis, Evelyn Weissman, Robert Woods, Donald Selsky, Susan Walsh, James Chesbrough, Nancy Smith, T. Eagen, Kathy Mulverhill, Karen R. Bellamy, Mohammad Ali, Edward Liberty, Donnie Riley, Stanely Tulip, George Martin, Thomas Brown, Louise Tichenor, Phillip Dabiew, Renee Holmes, Julia Gordon, Anthony Q. Boucaud, Lester N. Wright, Judith M. Carey, Peggy Loffredo, Douglas P. Mackey, Donald Sawyer, John Culkin, Jacqueline Stout and Steven

L. Van Buren's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing No. 49); on Terry McKinney, Craig Richards, M.D., Steven L. Van Buren, and Scott A. Haskins's joinder in motion to dismiss (Filing No. 77); on David J. Hammac's joinder in motion to dismiss (Filing No. 80); on Judy L. Gillman's joinder in motion to dismiss (Filing No. 84) (the foregoing defendants will be collectively referred to as the "state defendants"); and on defendant Theresa Wells's motion for judgment on the pleadings pursuant to Rule 12(c) (Filing No. 57). Upon review of the motions, the briefs and evidentiary submissions of the parties, and the applicable law, the Court finds that Wells's motion should be granted, and the state defendants' motions should be denied.

## FACTS

Plaintiff Henry Benitez is an inmate in the custody of the New York State Department of Correctional Services ("DOCS"). On October 15, 2007, Benitez successfully filed his complaint in this matter with the Clerk of the Court (Filing No. 1). Prior to that filing, Benitez made an unsuccessful attempt to file suit on July 16, 2007, by delivering a large envelope addressed to the Clerk to a corrections officer. Benitez states that at the time he delivered it, the envelope included, among other things, an application to the Court to proceed *in forma pauperis*. (*See* Filing No. 54, at 4-5.) However, upon receipt of Benitez's package, the Clerk returned it for lack of such application.

Benitez received the returned mailing from the Clerk on October 1, 2007, and again sent the envelope to the Clerk, including a new *in forma pauperis* application, this time on October 10, 2007. It is undisputed that the envelope did not contain an *in forma pauperis* application when it first arrived at the Clerk's office. However, Benitez argues that such an application was present when he submitted the envelope to defendant Riley for mailing to the Clerk and that defendant Riley removed the application from the envelope and thereafter mailed the envelope in retaliation for Benitez's frequent exercise of his right to petition the government for redress of grievances as well as for the purpose of sabotaging this lawsuit.

Defendant Theresa Wells is a paralegal employed by Prisoners' Legal Services of New York ("PLS"). PLS is a private, non-profit organization which provides legal assistance to indigent inmates incarcerated in New York. Wells' responsibilities include performing intake on complaints and cases which come into PLS's office, conducting limited preliminary investigation of brutality complaints, gathering appropriate documentation and preparing files concerning alleged cases of brutality, advocating for appropriate medical and psychiatric care, and preparing letters of complaint on behalf of her clients to the inspector general of DOCS. On or about July 22 and 26, 2004, PLS received letters from inmates at Upstate alleging that guards had assaulted Benitez. PLS assigned Wells

to investigate the allegations. On July 30, 2004, Wells sent Benitez a letter advising him that PLS had received reports that he was experiencing problems at Upstate and requesting that he complete certain questionnaires and authorizations allowing PLS to determine if they could help him. Benitez did not respond. On August 19, 2004, Wells sent Benitez a letter informing him that she would be at Upstate on August 23, 2004, to meet with him and that he should bring the documents she previously sent to the meeting. Wells was denied access to Benitez on August 23 because, according to DOCS, Benitez was "acting up." On September 1, 2004, Wells wrote Benitez again, notifying him that she was denied a visit with him on August 23rd and requesting that he complete the questionnaires and execute the authorizations enclosed with her earlier letters. Benitez did not respond to any of these letters. On October 15, 2004, Wells sent Benitez a letter requesting a response from him and notifying him that he must return the authorizations and questionnaire before PLS could offer him any assistance. Benitez wrote Wells on December 8, 2004, requesting copies of the letters other inmates had sent to PLS. On December 15, Wells replied that the letters were confidential and that she could not provide them. In this letter she again asked him to complete and return the authorizations she needed in order for PLS to provide him with services. Benitez did not respond. Wells sent another letter on January 25, 2005, requesting Benitez's status. Benitez

did not respond.  On February 16, Wells sent another letter.  Benitez did not respond.  On May 16, Benitez wrote the managing attorney of PLS, again requesting copies of the confidential letters sent by other inmates.  Wells responded to this letter on May 18, again informing Benitez that the letters were confidential and that he needed to send her the necessary authorizations for PLS to be of service to him.  Benitez did not respond.  On August 18, Wells sent Benitez another letter along with a questionnaire and blank authorizations.  Benitez sent PLS's managing attorney another letter on January 29, 2005.  This letter purported to be a copy of a letter sent to "FBI Special Agent Keith Dvincentis" regarding the alleged assaults.  Benitez did not provide the necessary authorizations with this letter.  Wells sent yet another letter to Benitez on August 31, 2005, again requesting that he sign the authorizations.  Benitez did not respond.  Wells sent Benitez a letter on September 26 stating that if he did not complete the paperwork within two weeks PLS would close his file.  The next day, Wells received a letter from Benitez alleging abuse by various corrections officers resulting from his throwing urine on certain of them.  Benitez still failed to sign the paperwork necessary for PLS to help him.  Wells sent Benitez another copy of the questionnaire and authorizations on October 8, 2005.  Benitez again failed to respond.  Wells had no further contact with Benitez until she was served with a copy of the complaint in this action in February of 2008.  Benitez swears

he was unable to respond or never received each of the unanswered communications.

## STANDARD OF REVIEW

In reviewing a motion made pursuant to Fed. R. Civ. P. 12(c), the Court applies the same standard that governs Rule 12(b)(6) motions to dismiss. *See King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002); *Alvarado v. Kerrigan*, 152 F.Supp.2d 350, 354 (S.D.N.Y. 2001); *Wynn v. Uhler*, 941 F.Supp. 28, 29 (N.D.N.Y. 1996). The factual allegations contained in the complaint are accepted as true, and all reasonable inferences are drawn in favor of the plaintiff. Although the complaint must contain facts, an extensive factual statement is unnecessary. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, ___, 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200 (citing *Twombly*, 127 S.Ct. at 1955). Although the truth of factual allegations is accepted for the purposes of ruling on a motion to dismiss, courts give no effect to conclusory

allegations of law.  "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . rather than facts that are merely consistent with such a right."  *Stalley v. Catholic Health Initiatives*, 2007 WL 4165751, *2 (8th Cir. 2007) (internal citations omitted).

### DISCUSSION

A. Theresa Wells

Benitez's complaint fails to plausibly suggest that he has a cause of action against Wells.  "To state a cause of action under § 1983, [Benitez] must allege (1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law."  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (internal quotation marks omitted).  Here, Benitez has failed to plausibly suggest that Wells acted under color of state law.  The parties do not dispute that Wells is a paralegal employed by PLS.  Nor is there a dispute that PLS is anything but a private nonprofit corporation.  In general, paralegals for private attorneys are not state actors.  *See Koulkina v. City of New York*, 2008 WL 463726 (S.D.N.Y. 2008).  However, Wells could be liable if her conduct was fairly attributable to the state. *Husain v. Springer*, 494 F.3d 108, 134 (2d Cir. 2007).

Benitez asserts that Wells' conduct was attributable to the state because she acted or failed to act out of fear of

retaliation by DOCS staff.  (*See, e.g.*, Filing No. 61, at ¶¶ 20, 36, 40.)  This theory is insufficient to support Benitez's claim that Wells was involved in a conspiracy against him.  "In order to state a viable conspiracy claim under Section 1983, a plaintiff must show: '(1) an agreement between two or more state actors or a state actor and a private entity (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal, and causing some harm.'" *Razzano v. County of Nassau*, 599 F.Supp.2d 345, 354-55 (E.D.N.Y. 2009) (quoting *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002)).  Benitez's allegations do not allege an agreement between Wells and the other defendants.  Significantly, "a private actor acts under color of state law when the private actor 'is a willful participant in joint activity with the State or its agents.'"  *Ciambriello*, 292 F.3d at 324.  There is no suggestion here that Wells was a willful participant in any conspiracy against Benitez.  The Court therefore finds that Wells' conduct was not fairly attributable to the state, and that the claims against her should be dismissed.

B. State Defendants

        The state defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing No. 49).  The motion suggests that the Court should dismiss Benitez's claims because his papers were filed after the expiration of the statute of limitations.  Claims brought pursuant to § 1983 are governed by a

three-year statute.  *See Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997).  For statute of limitations purposes, the date of filing of a federal complaint by a prisoner acting *pro se* is the date of delivery to prison authorities.  *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993).  The state defendants do not dispute that Benitez presented his complaint to an officer before his time under the statute of limitations expired.  Instead, they argue that the filing, containing a complaint but lacking an application to proceed *in forma pauperis*, was insufficient to satisfy the statute.  In support of this argument the state defendants cite several cases for the proposition that "there is a presumption that the corrections officials and the U.S. mail regularly performed their duties where, as here, it is undisputed that the envelope was received by the Court . . . plaintiff's conclusory assertion that he stuck the undisputably missing page in the envelope is inadequate to meet his burden here."[1]  None of these cases stand for the proposition for which the state defendants cite them, however.  For example, in *Bank of the*

---

[1] The cases cited by the state defendants for this proposition, while perhaps still valid, were all decided during Victorian times.  *See Bank of the United States v. Dandridge*, 25 U.S. (12 Wheat.) 64, 70 (1827); *Rankin v. Hoyt*, 45 U.S. (4 How.) 327 (1846); *Butler v. Maples*, 76 U.S. (9 Wall.) 766 (1869); *Weyauwega v. Ayling*, 99 U.S. 112 (1878); *Gonzales v. Ross*, 120 U.S. 605 (1887); *Callaghan v. Myers*, 128 U.S. 617 (1888); *Keyser v. Hitz*, 133 U.S. 138 (1890); *Knox County v. Ninth National Bank*, 147 U.S. 91, 97 (1893).  The Court finds it curious that the state defendants elected to omit the year of decision from the citation of each of these cases while including it with every other citation in their brief.  (*See generally* Filing No. 49-2.)

*United States v. Dandridge*, the Court stated that the law "presumes that every man, in his private and official character, does his duty, until the contrary is proved; it will presume that all things are rightly done, unless the circumstances of the case overturn this presumption . . . ." 25 U.S. (12 Wheat.) at 69. In *Callaghan v. Myers*, a copyright case, the Court stated that "[i]n the absence of evidence to the contrary . . . it must be presumed that the deposit of the title was made in each case before publication . . . ." 128 U.S. at 655. Finally, *Butler v. Maples*, was a case involving a permit to purchase cotton granted by a treasury agent. When the Confederate Army had withdrawn from the surrounding countryside, the treasury agent's judgment that the country was within the military lines of the United States was entitled to a rebuttable presumption. 76 U.S. at 777-78. Quite clearly, these cases do not support the state defendants' assertion of a presumption of correct behavior by corrections officers, and even if such a presumption exists there is nothing in the cited cases to suggest that Benitez's "conclusory assertion that he stuck the undisputably missing page in the envelope is inadequate to meet his burden here." On the contrary, the state defendants' cases merely suggest that everyone is presumed to behave correctly until substantial evidence is adduced to the contrary. This is a far cry from creating the kind of specific presumption the state defendants envision. Here, Benitez has not made a mere conclusory

assertion. Rather, he has alleged that he timely submitted his complaint and application to proceed *in forma pauperis*. Indeed, the same concerns that underlie the Second Circuit's holding in *Dory* are present here. The petitioner in *Dory*, as here, was an inmate who delivered his court papers to prison guards before the expiration of the applicable statute of limitations but whose papers were not filed by the Clerk until after expiration. *Dory*, 999 F.2d at 681. In that case, the Second Circuit applied the rationale of *Houston v. Lack*, 487 U.S. 266 (1988), which notes the "'unique' difficulties faced by *pro se* prisoner litigants, who 'cannot take the steps other litigants can take to monitor the processing of their [court papers].'" *Dory*, 999 F.2d at 682. The rationale of *Dory* and *Houston* apply equally well here because Benitez must rely upon corrections officers to properly process and send his legal mail. The parties agree that Benitez delivered his papers to one of the corrections officers. Regardless of the existence of any presumption of proper behavior by corrections officers, if Benitez's application to proceed *in forma pauperis* was removed from the envelope the presumption is rebutted. Taking as true all of Benitez's allegations, the Court finds the state defendants' argument unpersuasive. The state defendants' motions to dismiss should therefore be denied. Accordingly,

IT IS ORDERED:

1) Defendant Wells' motion for judgment on the pleadings (Filing No. 57) is granted; Theresa Wells is dismissed as a party defendant herein;

2) The motion to dismiss (Filing No. 49) and the several joinders in the motion to dismiss (Filing Nos. 77, 80, 84) are denied.

DATED this 28th day of May, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court